**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CINDY L. MARFIELD,**

    **Plaintiff,**

    **v.**                                                     **CIVIL ACTION NO. 2:09 CV 91**
                                                                             **(Maxwell)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**ORDER**

The above-styled social security appeal was instituted on July 27, 2009, with the filing of a Complaint by Plaintiff Cindy L. Marfield. This case was referred to Magistrate Judge John S. Kaull in accordance with Rule 83.12 of the Local Rules of General Practice and Procedure.

On November 24, 2009, a Motion for Summary Judgment was filed on behalf of the plaintiff, and on December 23, 2009, a Motion for Summary Judgment was filed on behalf of the defendant.

On June 1, 2010, Magistrate Judge Kaull entered a Report and Recommendation/Opinion wherein he recommended that the defendant's Motion for Summary Judgment be denied, and that the plaintiff's Motion for Summary Judgment be granted in part, by reversing the Commissioner's decision under sentence four of 42 U.S.C.

§§ 405(g) and 1383(c)(3), and remanding the cause to the Commissioner for further proceedings consistent and in accord with said Report and Recommendation/Opinion. Specifically, Magistrate Judge Kaull found that, because the Administrative Law Judge had failed to comply with the requirements of the United States Court of Appeals for the Fourth Circuit and Social Security Acquiescence Ruling 00-1(4), substantial evidence did not support his decisions at Steps Two, Four and Five of the sequential evaluation; that substantial evidence did not support the Administrative Law Judge's findings regarding limitations resulting from the plaintiff's medically determinable mental impairments; that substantial evidence did not support the Administrative Law Judge's credibility determination; and that substantial evidence did not support the Administrative Law Judge's determination that the plaintiff could perform her past relevant work.

In said Report and Recommendation/Opinion, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within fourteen (14) days after being served with a copy of said Report and Recommendation/Opinion. Magistrate Judge Kaull's Report and Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Kaull's June 1, 2010, Report and Recommendation/Opinion have been filed.

2

Upon consideration of said Report and Recommendation/Opinion, and having received no written objections thereto[1], the Court accepts and approves the Report and Recommendation/Opinion.

Therefore, it is **ORDERED** that Magistrate Judge Kaull's Report and Recommendation/Opinion (Doc. 16) be, and is hereby, **ACCEPTED** and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that:

1. The defendant's Motion for Summary Judgment (Doc. 14) is **DENIED**;

2. The plaintiff's Motion for Summary Judgment (Doc. 12) is **GRANTED**, in part; and

3. The Commissioner's decision is **REVERSED**, and the above-styled civil action is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Kaull's Report and Recommendation/Opinion.

In accordance with ***Shalala v. Schaefer***, 125 L.Ed.2d 239 (1993), it is further

**ORDERED** that the Clerk of Court shall enter **JUDGMENT** reversing the decision

---

[1] The failure of the parties to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See ***Wells v. Shriners Hospital***, 109 F.3d 198, 199-200 (4th Cir. 1997); ***Thomas v. Arn***, 474 U.S. 140, 148-153 (1985).

of the Commissioner and remanding the cause for a rehearing and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**DATED**: July 30, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE